Robert R. Ridl Principal State Auditor 1200 Lincoln Street, Room 601 Denver, Colorado 80203
Dear Mr. Ridl:
QUESTION PRESENTED AND CONCLUSION
I am writing in response to your letter of October 17, 1979, requesting a legal opinion concerning lawful investments for the city of Cherry Hills Village. In your letter you state that the city of Cherry Hills Village desires to invest idle funds in the Merrill Lynch Government Fund, Inc. (the "Fund"). You then ask whether C.R.S. 1973, 24-75-601 and 24-75-603 permit that investment to be made. In responding to your inquiry, I am assuming that the provisions of C.R.S. 1973, 24-75-605 do not apply to the situation described.
 It is my opinion that the investment of idle funds of the city of Cherry Hills Village in the Fund consists of purchasing shares in a private corporation, which is not an investment specifically permitted by C.R.S. 1973, 24-75-601
or 603. This opinion is based on consideration of the Fund prospectus enclosed with your letter and C.R.S. 1973, 24-75-601 and 24-75-603.
ANALYSIS
The Fund is an investment company incorporated on June 11, 1976, under the laws of Maryland. It enables investors to invest short-term cash reserves in a portfolio of direct obligations of the United States Treasury pursuant to investment restrictions which are subject to change by approval of a majority of the Fund's outstanding shares. Essentially the Fund's portfolio consists of U.S. Treasury bills and notes with maturities not exceeding one year, but the Fund may also enter into repurchase and reverse repurchase agreements involving obligations held by the Fund.
An investor, such as the city of Cherry Hills Village, may purchase shares in the Fund which will be redeemed by the Fund upon receiving a proper redemption request. All of the Fund's net income is declared as dividends daily. Dividends are paid monthly and are either reinvested in additional Fund shares or paid in cash. The Fund prospectus advises that unusual or unexpected significant expense or loss may result in a shareholder receiving no dividends for the period during which it held shares and receiving upon redemption a price per share lower than that which it paid.
C.R.S. 1973, 24-75-601(1) sets out lawful investments for the State of Colorado and its political subdivisions, including municipalities. Subsection (2) of that statute provides:
 This section shall be construed as mandatory and exclusive and subject only to such exceptions as are made by statute.
The only categories of lawful investments which might include purchase of Fund shares are set out in C.R.S. 1973,24-75-601(1)(a) and (b) as follows, in pertinent part:
 (1) It is lawful for . . . municipalities . . . to invest the funds in their custody or possession eligible for investment, in any of the following securities:
 (a) Bonds or other interest-bearing obligations of the United States;
 (b) Bonds or other interest-bearing obligations, the payment of the principal and interest of which is unconditionally guaranteed by the United States . . . .
However, the city of Cherry Hills Village desires not to invest directly in interest-bearing obligations of the United States but in shares of a private investment company which holds interest-bearing obligations of the United States and distributes as dividends its earnings on that portfolio.
The obvious purpose of the limitations set out in C.R.S. 1973,24-75-601 is to limit investments of public funds to those which are guaranteed in some fashion by the federal or state government. No such guarantee exists as to investments made in shares of the Fund. Since the statutorily specified investments are mandatory and exclusive, the investment proposed by the city of Cherry Hills Village is not one permitted by C.R.S. 1973,24-75-601.
Nor is the city of Cherry Hills Village seeking to deposit its funds in banks or savings and loan associations pursuant to C.R.S. 1973, 24-75-603.
SUMMARY
Therefore it is my opinion that C.R.S. 1973, 24-75-603 does not authorize the city of Cherry Hills Village to invest the described idle funds in the Merrill Lynch Government Fund, Inc.
If you have additional questions concerning this matter please do not hesitate to contact me.
Very truly yours,
 J.D. MacFARLANE Attorney General
PUBLIC FUNDS INVESTMENT CORPORATIONS MUNICIPAL CORPORATIONS
C.R.S. 1973, 24-75-601
C.R.S. 1973, 24-75-603
LEGISLATIVE BRANCH Auditor, Office of State
A municipality may not invest public funds in the Merrill Lynch Government Fund, Inc.